IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| EDWARD EUGENE DAVIS,<br><br>        Plaintiff,<br><br>    v.<br><br>JOHN T. WILCHER, *et al.*.<br><br>        Defendants. | CIVIL ACTION NO.: 4:21-cv-121 |

**O R D E R**

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's Report and Recommendation, (doc. 18), to which plaintiff has filed an objection, (doc. 20). Davis' Objection renews his request for appointed counsel.  (Doc. 20 at 1.)  Appointment of counsel in civil cases is limited to "exceptional circumstances."  See Wright v. Langford, 562 F. App'x 769, 777 (11th Cir. 2014).   The "key [to determining when counsel should be appointed] is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court."  McDaniels v. Lee, 405 F. App'x 456 (11th Cir. 2010).   As the Magistrate Judge has recognized several times, and as confirmed by Davis' objection, "Davis' pleadings show that he is capable of presenting his position."  (Doc. 18, p. 3 (citing doc. 15, p. 4).)  Davis' renewed request for appointed counsel is, therefore, **DENIED**.  (Doc. 20.)  For the reasons explained below, the Court **ADOPTS** the Report and Recommendation as its opinion, as supplemented below.  See 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").

Davis' claims arise from a fall he suffered while incarcerated.  (Doc. 18, p. 4.)  Defendant

Johnson directed Davis to move into a cell on an upper floor.  (Id., pp. 4-5.)  Davis informed Johnson that his medical conditions made it difficult for him to navigate stairs and reminded Johnson that he had a "lower level bottom bunk" assignment, although the Magistrate Judge noted Davis' allegations were not entirely consistent as to whether he had such an assignment or sought one.  (Id., p. 5.)  While Davis was climbing the stairs, he fell.  (Id.)  After the fall, two other defendants, Boyle and Walker, spoke to him disrespectfully and roughly moved him to a wheelchair.  (Id.)  He was examined by a nurse at the infirmary and admitted to wait to be seen by a doctor.  (Id., p. 6.)  He alleges that he was not provided with pain medication overnight.  (Id.)  After the doctor examined him, he was provided with aspirin.  (Id.)  He remained in the infirmary for several days where he had blood tests and x-rays.  (Id.)

The Magistrate Judge first recommended that Davis' claims arising from the fall be dismissed.  First, he recommended that the claims against Sheriff Wilcher, solely in his supervisory capacity, be dismissed because § 1983 claims may not be asserted based on vicarious liability.  (Doc. 18, p. 7.)  Next, the Magistrate Judge recommended that Davis' claims against Chatham County be dismissed because Davis did not sufficiently allege any custom, pattern, or practice that resulted in the deprivation of Davis' rights.  (Id., pp. 8-9 (citing Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 694 (1978)).  Davis objects to both recommendations.  (See doc. 20, pp. 3-4.)  He cites to Georgia statutes that establish sheriffs' liability for jail-related claims.  (Id., p. 3 (citing O.C.G.A. §§ 15-13-1, 15-16-10(a)(8), 15-16-24(3)).  However, those statutes do not affect liability under § 1983.[1]  Davis also contends that he has sufficiently alleged

---

[1] The Magistrate Judge did not identify and, therefore, did not consider whether Davis had alleged any claim under Georgia law.  (See generally doc. 18.)  The Court might construe his invocation of the Georgia statutes as implicating a state-law claim.  For the reasons discussed below, the Court agrees with the Magistrate Judge that Davis has not stated any federal claim upon which relief can be granted.  Since all of his federal claims are dismissed, the Court declines to exercise supplemental jurisdiction over any state law claim Davis might assert.  See 28 U.S.C. § 1367(c) ("The district courts may decline to exercise

pattern or practice to support the County's liability under Monell.  (Id. at 4.)  His allegations, however, are wholly conclusory.  See Gurrera v. Palm Beach Cnty. Sheriff's Office, 657 F. App'x 886, 893 (11th Cir. 2016) (conclusory allegations and failure to allege "any examples beyond his own . . . of widespread unconstitutional conduct" was fatal to prisoner's Monell claim).  Davis' claims against Sheriff Wilcher, in his supervisory capacity, and the County are, therefore, **DISMISSED**.

The Magistrate Judge then recommended that Davis' claims based on Defendants' alleged deliberate indifference to his serious medical needs be dismissed.  (Doc. 18, pp. 9-13.)  The Magistrate Judge determined that, despite Davis' complaints concerning the quality of the attention he received after the fall, Davis alleged "at most, negligence or disagreement with the type of treatment he received."  (Id., p. 11.)  Davis objects that he has alleged the basic elements of a § 1983 claim.  (Doc. 20, p. 5.)  He does not, however, address the Magistrate Judge's application of the more specific authority concerning the requirements for deliberate indifference claims.  (See id.; see also doc. 18, p. 9 (citing, *inter alia.*, Goebert v. Lee Cnty., 510 F.3d 1312, 1326 (11th Cir. 2007)).  The Court agrees with the Magistrate Judge's analysis that the conduct Davis alleges does not allege deliberate indifference.

Finally, the Magistrate Judge recommended that Davis' claims arising from allegedly disrespectful language used by prison staff be dismissed.  (Doc. 18, p. 13.)  Davis objects that the injury from such conduct is "intangible," and argues that such harms are compensable injuries in § 1983 cases.  (Doc. 20, p. 6.)  Despite the possibility that intangible, psychological, or emotional injuries may be relevant to the damages recoverable for a constitutional violation, they

---

supplemental jurisdiction over a [state law] claim . . . if. . . the district court has dismissed all the claims over which it has original jurisdiction."); Mergens v. Dreyfoos, 166 F.3d 1114, 1119 (11th Cir. 1999) ("[I]f the federal claims are dismissed prior to trial, [United Mine Workers v.] Gibbs strongly encourages or even requires dismissal of state claims." (internal quotation marks and citations omitted)).

do not themselves constitute a violation.² The Eleventh Circuit has explained that "'verbal taunts . . . however distressing' do not violate a prisoner's constitutional rights under the Eighth Amendment." In re Eric Watkins Litig., 829 F. App'x 428, 431 (11th Cir. 2020) (quoting Edwards v. Gilbert, 867 F.2d 1271, 1274 n. 1 (11th Cir. 1989)) (citations omitted). As the Court of Appeals recognized, such "demeaning," "sarcastic," and even "abusive," taunting, (doc. 16 at 5-11), "though unacceptable and unrelated to any legitimate governmental objective, is the type of verbal harassment or taunting that is not actionable under the Eighth or Fourteenth Amendments." Id. (citation omitted). Davis' claims arising out of alleged verbal abuse, therefore, fail.

Davis has not identified any defect in the Magistrate Judge's analysis. His Objections are, therefore, **OVERRULED**. (Doc. 20.) For the reasons discussed by the Magistrate Judge, and as discussed above, the Second Amended Complaint, (doc. 16), is **DISMISSED**. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 7th day of November, 2022.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

² Although the Court acknowledges the general principle that such damages are recoverable, the application is more complicated. Federal statute precludes a prisoner from recovering "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). The Court need not consider the application of that statute to Davis' allegations because, as the Magistrate Judge explained, he has not alleged a constitutional violation at all. Whether he could recover damages for mental or emotional injuries is, therefore, moot.